IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ANGELINA PARKER,<br><br>  Plaintiff,<br>v.<br><br>LANGUAGE LINE SERVICES, INC.<br>d/b/a LANGUAGELINE<br>SOLUTIONS,<br><br>  Defendant. | CIVIL ACTION FILE NO: |

## COMPLAINT

Angelina Parker ("Plaintiff") files this action against Defendant Language Line Services, Inc. ("Language Line") seeking damages and other relief, showing the Court as follows:

1.

Plaintiff brings this action against Defendant pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA"), for its willful failure to pay Plaintiff for overtime wages, i.e., hours she worked over 40 per workweek at the federally mandated overtime premium rate.

2.

Plaintiff is an individual resident of Georgia.

3.

Language Line is a Delaware corporation authorized to conduct business in Georgia and can be served with legal process through its registered agent, CT Corporation System, 289 Culver St., Lawrenceville, Georgia 30046, or through its attorney-in-fact, Fenton & Keller, PC, c/o Bradley J. Levang, 2801 Monterey-Salinas Highway, P.O. Box 791, Monterey, California 93942.

4.

Venue is proper in this Court because Plaintiff worked in this judicial district.

5.

This Court has jurisdiction over the subject matter and personal jurisdiction over Defendant conducting business within the Northern District of Georgia.

6.

Language Line is a covered enterprise under the FLSA.

7.

Language Line provides professional language interpreter services throughout the United States.

8.

Language Line's gross sales or business done exceeds $500,000 annually.

9.

Language Line employs two or more individuals who engage in commerce or regularly handle or otherwise work on goods or materials that have been moved in or produced for commerce by, among other things, soliciting and accepting members and applications via on-line portal, accepting credit card payments using interstate means, and hiring employees and contractors in various states to support its nation-wide network of professional interpreters.

10.

Language Line employees work across state lines when performing their job duties and in providing services to Language Line members and customers.

11.

Plaintiff worked for Language Line in Georgia as an administrative assistant from May 20, 2019 through August 26, 2021.

12.

As part of her separation from Language Line in 2021, Plaintiff signed an agreement, which stated, in part, that she "received all amounts due from Language Line for wages, vacation, and for all other forms of compensation owing as of the

close of business on the Separation Date." The agreement further stated "that no further amounts are due to [her] from Language Line."

13.

Defendant drafted the language appearing the purported release agreement, knowing that Plaintiff had not in fact been paid for her overtime, in an attempt to obtain a release of such claims.

14.

The agreement Defendant drafted, and Plaintiff signed, was not approved by the Department of Labor or any court to ensure that its terms were fair and reasonable, or the product of an arms-length negotiation.

15.

Contrary to the language Defendant inserted in the agreement, Plaintiff did, in fact, work hours outside of her normally scheduled, 40-hour work week.

16.

Because Plaintiff's supervisors, counterparts, customers and constrictors worked after-hours and in other parts of the United States, including the State of California, she created reports, conducted inventory, reviewed transcript recordings, processed language tests, and drafted offer letters outside of her normally scheduled 40-hour work week.

17.

Plaintiff utilized the Slack messaging application while working overtime that demonstrates she engaged in communications outside of her regular work schedule and more than 40 hours in certain work weeks.

18.

Much of Plaintiff's work projects are also time-stamped and further demonstrate that her work was performed outside of her regular work schedule.

19.

Plaintiff does not have access to the documents referred to above, but, upon information and belief, alleges that her Slack messages and her documents and reports demonstrate that she performed work outside of her regular schedule and in excess of 40 hours per work week. Such documents are in Defendant's exclusive possession and control.

20.

Plaintiff worked at least 5 hours of overtime per work week for a minimum of 108 weeks during her employment.

21.

Language Line paid Plaintiff $19.25 per hour.

22.

Under the FLSA, Plaintiff was entitled to an overtime premium of $28.88 per hour for each hour she worked over 40 hours in any given work week.

23.

Plaintiff worked a minimum of 540 hours of overtime and is therefore entitled to at least $15,592.50 in unpaid overtime wages.

24.

Language Line knew that Plaintiff worked overtime each week because it received her Slack messages and suffered or her permitted her to work, evidenced by her submission of documents and reports on Language Line's platform and system.

25.

Despite its legal obligation to pay overtime wages, Language Line failed to pay Plaintiff and is therefore liable for the payment of overtime under 29 U.S.C. §§ 207 and 216.

26.

Plaintiff is also entitled to her attorney fees and costs of litigation.

27.

Because Defendants willfully violated the FLSA, Defendants owe Plaintiff

her unpaid wages; liquidated damages in an amount equal to her unpaid wages; as well as her attorney fees and costs of litigation.

## PRAYER FOR RELIEF

Wherefore Plaintiff respectfully requests that upon consideration of the evidence in this case, the Court:

(a) Enter judgment against Defendant for Plaintiff's unpaid overtime wages, plus liquidated damages;

(b) Apply a 3-year statute of limitations for a willful violation of the FLSA;

(c) Award reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216; and

(d) Such other relief as the Court deems just and proper.

Respectfully submitted, January 4, 2023.

**PARKS, CHESIN & WALBERT, P.C.**
75 14th Street, 26th Floor
Atlanta, Georgia 30309
(404) 873-8000

*Counsel for Plaintiff*

Andrew Y. Coffman
Ga. Bar No. 173115
acoffman@pcwlawfirm.com